WILLIAM J. FELL and RICHARD W. CROOK *vs.* GEORGE A. DENTZEL.

New Castle County, November Term, 1895.

**Landlord and Tenant.**—Where a lessee fails to perform the terms of his lease the same is forfeited and the lessor has a right of action for such damages as he has thereby suffered.

**Same.**—If after forfeiture of a lease the lessor agrees to surrender he cannot thereafter recover in an action on the lease for rent.

This was an action of covenant, commenced by foreign attachment, upon a lease under seal for the term of five years, dated May 6, 1891, under and by virtue of which the lessee was to erect on the leased premises a carrousel with a building over it and the necessary appurtenances, and to run it for the period of five years and to pay twenty per cent. of the net profits to the lessors. It was alleged and claimed on one side that there was a forfeiture of this lease on the part of Dentzel by reason of his failure to perform the covenants and agreements of the lease. It was admitted that the lease was executed at the time and for the term stated. It was further admitted that in 1891, the machine having been put up in the month of May, was running during the year 1891 and also up to August 27, 1892. It was further admitted that certain sums of of money were paid to the lessor by the lessee during the year 1891, and at other times.

The defence was that the lessors had by written notice cancelled the lease and taken possession of the building which constituted in law a surrender of the lease and terminated any liability for rent.

Such notice was as claimed in a letter of August 27, 1892, as follows: "I also hereby give you notice that you have broken your contract with me and your lease is hereby cancelled, in which case I am very sorry I shall be forced to take possession of the building."

*Herbert H. Ward*, for the plaintiffs.

*Benjamin Nields*, for the defendant, asked the Court to instruct the jury that the plaintiffs could not recover because on August 27,. 1892, the defendant had removed the carrousel from the building and abandoned the use and occupation of the premises and on that day the plaintiffs had written to the defendant notifying him that he had broken his contract and that his lease was cancelled and that they would take possession of the building, whereby there was in law a surrendering of the lease and termination of all liability of the defendant thereunder. Woodfall, Land. and Ten. 492.

CULLEN, J., (charging the jury).

It is contended on the part of the plaintiff, that inasmuch as this machine was taken away before the expiration of the lease,. there was a forfeiture. We must say to you, gentlemen, that this is undoubtedly true; there is a forfeiture where a party does· not perform the terms of the lease, and the other party has a right to sue and recover whatever damages may accrue by reason of the· forfeiture of that lease. He not only seeks here to recover special damages for what he lost by reason of non-compliance, but he· seeks to recover for the amount of money which was actually made, as he contends, by the lease up to the twenty-seventh of August, 1892, when this machine was removed by the lessee.

Now, gentlemen, if he proves that the money was received and that the 20 per cent. of net profits was not paid to him under· the terms of this agreement, whatever amount of damages he may prove, he would be entitled to recover; subject, of course, to a deduction of whatever amount had been paid.

It is contended on the other side that the lessor has no right to recover in this action at all. True it is that they admit that here was an agreement which was entered into for the period of· five years; that this machine was run until August, 1892, when it was removed by Mr. Dentzel; but they contend that during that.

time according to the testimony here, (which is a matter entirely for you) all amounts that were due by way of 20 per cent. of net profits—which is all that could be recovered, provided that had not been paid—had been paid, and that there is really nothing due. If you are satisfied of that fact, as a matter of course he could recover nothing that was received by way of 20 per cent. of net profits up until the twenty-seventh of August when this carrousel was removed.

They further contend, however, that on or about the twenty-seventh of August, just after the carrousel was removed, the lessor, Mr. Crook, wrote to Mr. Dentzel, stating, in substance, that inasmuch as he had removed this machine, he should be under the necessity of taking possession; not taking possession so far as the leased property was concerned, but he gives notice that the lease is terminated so far as he is concerned and that he will go into possession of the building. Now at the time of the execution of this contract, Mr. Dentzel had erected a building on those premises at a cost of $2,400. There appears to be no dispute on either side as to that fact.

We will say to you that so far as the law is concerned in regard to a lease, where a man enters into a verbal lease of property for a year, one side or the other is bound to give three months' notice, otherwise it would continue for a year. If the lease is in writing, of course it may be varied. In this case it was in writing. But with a lease either by parol or in writing, though it may be continued for a time, yet parties may by their own act entirely destroy the lease. They may do it by mutual agreement, by going back into possession; that is a matter of evidence entirely. If the evidence produced here shows you that this man, Mr. Dentzel, carried away that property, that of course would be a forfeiture of this lease so far as he was concerned and would render him liable for damages; but if after he did that, though the other party had a right to sue, yet if he acquiesced in that agreement, and agreed to surrender, or give notice that he took possession of the property— and in this connection we have his letter, viz: " I hereby give you

notice that you have broken your contract with me and your lease is hereby canceled; in which case I am very sorry I shall be forced to take possession of the property," (he does not say he shall be forced to sue him for damages);—it is for you to say from the expression used there whether he meant to surrender that lease or not. It depends upon the interpretation of those words, or the construction you will put upon them.

You have heard the testimony in this case; there is very little law about it, but it is entirely a matter of fact for you to determine. If you believe that the plaintiff received nothing by way of 20 per cent. of net profits from the lessee in this case, that none of it was paid, then he is entitled to the amount of 20 per cent. which has been proved in this case. For we must say to you, gentlemen, that whenever an action is brought to recover damages, it is incumbent upon the plaintiff to show what those damages are. You cannot guess at damages, but they must be shown to you in a manner sufficiently satisfactory.

They have shown to you, damages on the one side and on the other side a different state of facts altogether, which necessarily creates a diversity of evidence in the case. You must reconcile that evidence if you can. If you cannot reconcile the conflicting views you must take into consideration the opportunities and facilities for information of the several parties, and give weight to the preponderance of the proof in the case. If, then, you believe that damages have accrued by reason of the breaking of this contract, then your verdict should be for the plaintiff, for the amount of those damages.

But if, on the other hand, you believe that the amount of the 20 per cent. of net profits up to the 27th of August, 1892, was paid,—and there is evidence to that effect,—and that afterwards there was a surrender of the premises and the plaintiff agreed to take this building in lieu of that, according to his statement here, then in that case there are no damages proved, and your verdict should be for the defendant.

*Verdict for the defendant.*